IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANSING TRADE GROUP, LLC,          )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          Case No. 12-2090-JTM-GLR
                                   )
OCEANCONNECT, LLC,                 )
                                   )
                Defendant.         )

## MEMORANDUM AND ORDER

The Court has before it Defendant OceanConnect, LLC's Motion for Leave to File a Third-Party Complaint (ECF No. 32).  For the following reasons the Court denies the motion.

**I.       Background**

In its Second Amended Complaint, Plaintiff Lansing Trade Group, LLC asserted three claims against Defendant OceanConnect, LLC:  (1) breach of contract; (2) breach of implied warranty of merchantability; and (3) breach of implied warranty of fitness for a particular purpose.[1]  The dispute involves the sale of Renewable Identification Numbers (RINs) to Plaintiff that were allegedly fraudulent and invalid.[2]  The Court has already dismissed the two warranty claims.[3]  In doing so, it explained the use of RINs, which are "numbers associated with renewable fuels under Environmental Protection Agency (EPA) regulations [that] are used to measure and track renewable fuel production."[4]  The Court also considered and rejected contentions by Defendant that (1) Clean Green Fuels (CGF) must be joined as an indispensable party, because CGF generated the disputed RINs and (2) this case should be stayed "pending the outcome of a criminal case against the former president of CGF" or pending its "recently filed suit against the EPA challenging its administrative enforcement of the Renewable Fuels Program"

---

[1]*See* Second Am. Compl.  (ECF No. 8) ¶¶ 13-22.

[2]*See id.* ¶¶ 5-12.

[3]*Lansing Trade Group, LLC v. OceanConnect, LLC*, No. 12-2090-JTM, 2012 WL 2449514, at *7 (D. Kan. June 26, 2012).

[4]*Id.* at *1.

under the Administrative Procedures Act (APA).[5]   In answer to the Second Amended Complaint, Defendant denies that it breached any contract with Plaintiff and asserts numerous defenses.  They include "contribution and indemnity from any entity which caused, contributed to, or is responsible for the alleged damages claimed by Lansing."[6]

The Court set a deadline of November 15, 2012 for any motion to add the EPA as a party.[7]  On that date, Defendant filed the instant motion for leave to file a third-party complaint against the EPA.[8] Through the proposed third-party complaint OceanConnect seeks to recover damages under the Federal Tort Claims Act (FTCA).[9]  Plaintiff opposes the motion.[10]  Defendant has filed a reply brief.[11]  The motion is ripe for ruling.

## II.    Analysis

Rule 14(a) of the Federal Rules of Civil Procedure governs when a defendant may file a third-party complaint.  A defendant must obtain leave of court to file a "third-party complaint more than 14 days after serving its original answer."[12]  There is no dispute that leave is required for Defendant to file its proposed third-party complaint.

Whether to grant or deny leave to file a third-party complaint is a matter within the sound

---

[5]*See id.* at *1, 5-7.

[6]*See* Def.'s Answer & Affirmative Defenses (ECF No. 21).

[7]*See* Scheduling Order (ECF No. 28) at 9.

[8]*See* Mot. (ECF No. 32).

[9]*See* Third-Party Compl. (ECF No. 32-1), attached as Ex. A to Mot.

[10]*See* Mem. Opp'n (ECF No. 34); Supp. Mem. Opp'n (ECF No. 37-1).  The Court recently granted Plaintiff leave to file the supplemental memorandum in opposition.  *See* Order (ECF No. 38).

[11]*See* Def.'s Reply Mem. (Reply) (ECF No. 35).

[12]Fed. R. Civ. P. 14(a)(1).

discretion of the Court.[13]  But because the rule is intended to reduce the multiplicity of litigation, courts construe it liberally.[14]  Several factors are generally relevant to whether leave should be granted.[15] Unless the filing will prejudice another party, the courts should generally allow the filing "of a proper third-party action."[16]  The rule, however, does not permit indiscriminate filing of all third-party complaints – it only permits a defending party to file a third-party complaint against "a nonparty who is or may be liable to [the defending party] for all or part of the claim against [the defending party]."

Defendants typically invoke Rule 14(a) in two situations:  (1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification."[17]  While the rule may be invoked in other situations, secondary or derivative liability on the part of the proposed third-party defendant is crucial and central to properly invoking Rule 14.[18]  The third-party plaintiff must show that this crucial requirement is met before the Court will allow filing of a third-party complaint.[19]

---

[13]*Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003); *Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 635 (D. Kan. 1993).

[14]*United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 841 (D. Kan. 1986).

[15]*See Willard*, 216 F.R.D. at 514 (listing five factors).

[16]*Clark*, 149 F.R.D. at 635.

[17]*See Willard*, 216 F.R.D. at 513.

[18]*Id.* at 513-14; *accord Reed*, 649 F. Supp. at 841 ("A third party claim may be asserted under this rule only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant.").  While some courts "appear to have carved out an exception—a declaratory judgment action exception—to the plain language of Rule 14(a)" requiring secondary or derivative liability, *see Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Coop., Inc.*, No. 10-2532-CM, 2011 WL 1430331, at *2 (D. Kan. Apr. 14, 2011) (noting cases from other jurisdictions but finding them distinguishable), this case is not a declaratory judgment action to which that exception could apply even if it were accepted and applied in the District of Kansas. Defendant's reliance on the *National Fire* case, *see* Reply at 3, is misplaced for several reasons, including its failure to recognize that the court in *National Fire* neither adopted nor followed the cases utilizing the declaratory judgment action exception.  On the facts of this case, the Court declines to carve out any exception to the secondary or derivative liability requirement of Rule 14(a).

[19]*See Willard*, 216 F.R.D. at 514.

Plaintiff opposes the proposed third-party complaint on grounds that (1) the third-party claim against the EPA is not derivative of the original claim and (2) the claim is barred by res judicata.[20] There is no reason to reach the issue of res judicata.  In a similar context, the Southern District of Texas has determined that third-party claims by OceanConnect against the EPA under the FTCA are not based on any derivative liability.[21]  The persuasive reasoning of that determination is sufficient to deny leave for OceanConnect to file a third-party complaint against the EPA in this action.

As found in *Vinmar*, liability on a breach of contract involving the sale of RINs is entirely separate and distinct from any liability the EPA may have under the FTCA.  The FTCA claim is neither derivative of, or secondary to, the breach of contract claim asserted by Lansing.  Liability of the EPA under the proposed third-party complaint is simply not dependent on the liability of OceanConnect to Lansing on the claim for breach of contract asserted in this action.  In short, "a successful breach of contract action against OceanConnect does not establish OceanConnect's right to relief against the United States" under the FTCA.[22]

This is not a case where a tortfeasor is seeking contribution from a joint tortfeasor or where an insured is pursuing indemnification.  OceanConnect, nevertheless, argues that Kansas law provides for an implied claim to indemnification when one is compelled to pay what another party ought to pay.[23] As noted in the very case law relied upon, however, this form of indemnification does not apply to breach of contract claims.[24]  This Court has also "construed Kansas law as limiting implied indemnity

---

[20]Mem. Opp'n at 4-7.

[21]*See Vinmar Overseas, Ltd. v. OceanConnect, LLC*, No. H-11-4311, 2012 WL 5989206, at *4-7 (S.D. Tex. Nov. 29, 2012).

[22]*See id.* at *5.

[23]Reply at 2-3 (relying on *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 642, 666 P.2d 192, 199 (1983)).

[24]*See Haysville U.S.D. No. 261*, 233 Kan. at 643, 666 P.2d at 199.

4

claims to tort actions."[25]  Like the defendant in *Haysville U.S.D. No. 261*, OceanConnect appears to be impermissibly "attempting to apply comparative negligence and implied comparative indemnity, which are tort-based theories, to contract law."[26]  As the proposed third-party plaintiff in this action, OceanConnect has the burden to show satisfaction of the crucial requirement of secondary or derivative liability on the part of the proposed third-party defendant.  But it has not carried that burden. Accordingly, the Court denies the motion for leave to file a third-party complaint.

The balance of factors that the courts generally utilize to determine whether to grant leave to file a third-party complaint likewise weigh against granting the motion.  Some factors generally used include:

> (1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.[27]

Allowing OceanConnect to file the third-party complaint would unnecessarily expand the scope of this action to include FTCA claims that are at most tenuously connected to the underlying breach of contract claim by Lansing.[28]  Impleading the EPA will also unnecessarily delay or complicate the trial with the tenuously connected FTCA claims.   In this instance, furthermore, there appears to be few, if any, benefits "of a single action," because OceanConnect has already commenced an action against the EPA under the APA.  Even though the FTCA may not be at issue in the APA case, that action eliminates many benefits that might accrue to the EPA and OceanConnect were the FTCA claims to be added to this action.  In fact, joining the FTCA claims against the EPA in this action would force the EPA to

---

[25]*Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2006 WL 2135189, at *3 (D. Kan. July 28, 2006) (citing several cases).

[26]*See Haysville U.S.D. No. 261*, 233 Kan. at 645, 666 P.2d at 201.

[27]*See Willard*, 216 F.R.D. at 514.

[28]*See Vinmar*, 2012 WL 5989206, at *6.

defend two lawsuits by the same party, OceanConnect.  The potential prejudice and confusion to Lansing, moreover, outweighs any marginal benefit that might be realized from the proposed third-party action.  These matters outweigh the other generally relevant factors that are either neutral or weigh in favor of granting the motion in this instance.[29]

For the foregoing reasons the Court denies Defendant OceanConnect, LLC's Motion for Leave to File a Third-Party Complaint (ECF No. 32).

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 9th day of January, 2013.**


S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**

---

[29]The Court recognizes that the motion for leave appears to state sufficient grounds to evaluate the propriety of the proposed third-party complaint.  OceanConnect timely sought leave to file the third-party complaint.  The Court finds no apparent prejudice to Lansing from any delay.